**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

YVETTE L. PARKER-THUSTON          *
                                  *
                                  *
              Plaintiff           *
                                  *
VS.                               *          NO: 4:09CV00701   SWW
                                  *
RETIREMENT CENTER OF              *
MORRILTON                         *
                                  *
              Defendant           *
                                  *
                                  *

**ORDER**

Plaintiff Yvette L. Parker-Thuston ("Parker-Thuston") brings this action *pro se* under

Title VII of the 1964 Civil Rights Act, as amended by the Civil Rights Act of 1991, against the

Retirement Center of Morrilton ("Retirement Center").   Before the Court is the Retirement

Center's motion to dismiss or, alternatively, motion for summary judgment (docket entries #53,

#54, #55) and Parker-Thuston's third motion for appointment of counsel (docket entry #56).

After careful consideration, and for reasons that follow, the motion for appointment of counsel

will be denied, and summary judgment will be entered in favor of the Retirement Center.

**Motion for Appointment of Counsel**

In her complaint, Parker-Thuston alleges that the Retirement Center terminated her

1

employment because of her race and color,[1] and the Retirement Center maintains that it terminated Parker-Thuston's employment because she improperly detained a resident of the Retirement Center.

On March 31, 2011, the Retirement Center filed a motion for summary judgment.  The time for responding has expired and Parker-Thuston has not responded in opposition to summary judgment.  However, on April 1, 2011, Parker-Thuston filed a third motion seeking appointment of counsel.  The motion is accompanied by a newspaper article reporting that the Retirement Center's license was suspended after staff members failed to report allegations that a male resident had sexually or physically assaulted another resident.  *See* docket entry #56, Attach.  In support of her motion, Parker-Thuston states: "The facts/reasons for the Retirement Center of Morrilton . . closure . . . are actually things I have tried to address in my case."  Docket entry #56, ¶ 2.  Parker-Thuston further states that the employees referred to in the article, who did not report the alleged assaults, are the same employees who made untruthful statements about her in her "case to the EEOC."

The Court has carefully reviewed the complaint and attached documents and finds no allegations regarding events reported in the newspaper article attached to Parker-Thuston's motion.  The Court denied Parker-Thuston's previous motions for appointment of counsel because her complaint is void of specific factual allegations indicating that the Retirement Center terminated her employment based on race.  News that the Arkansas Department of Human Resources suspended the Retirement Center's license for reasons having no apparent

---

[1]Although Parker-Thuston provides no information regarding her race, the Retirement Center's brief in support of summary judgment indicates that she is African-American.

connection to Parker-Thuston's racial discrimination claim provides no basis for appointing counsel in this case. Accordingly, the motion is denied.

## Motion for Summary Judgment[2]

The Retirement Center asserts that it terminated Parker-Thuston's employment because she detained a resident in the resident's room by holding the door shut. Edward V. Holman, former owner and operator of the Retirement Center, testifies by affidavit that when Parker-Thuston detained the resident in her room, the resident broke a window in an attempt to escape. According the Holman, Parker-Thuston's actions constituted a violation of written policies and called for her immediate termination.

In her unverified complaint, Parker-Thuston states that the resident's window was broken before her shift began and that she held the resident's door closed because the resident was throwing things and picked up a piece of broken glass. Parker-Thuston alleges: "When she retrieved a piece of broken glass and stated it, I made the decision to keep her away from myself

---

[2]Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

The non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing there is a genuine issue for trial.'" Id. at 587 (quoting Fed. R. Civ. P. 56(e)). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." RSBI Aerospace, Inc. v. Affiliated FM Ins. Co., 49 F.3d 399, 401 (8th Cir. 1995).

and the other 26 patients until help arrived. . . . Upon talking to Mrs. Leoni Williams in the head

Little Rock office, I was told I did the right thing."  Complaint, Attach.

In addition facts regarding her termination, Parker-Thuston complains that she was

subjected to unfair treatment as follows:

- She was terminated within two weeks after she called the head office.

- The "Lead CNA" held a grudge against her because she refused to sign documents  "to bill Medicaid."

- She received a write-up for a "med error" that occurred when she was not on duty.

- The Retirement Center cut her hours because another employee wanted more hours.

- Parker-Thuston was ordered to "get off the clock during a med pass, but in a meeting management stressed about only one person passing out the med."

- Other employees clocked in 20-30 minutes before their shifts and sat down to eat breakfast and smoke.

Because Parker-Thuston presents no evidence that directly points to the presence of a

discriminatory motive, the Court will analyze her discrimination claims under the three-part

framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1972).  Under that

framework, Parker-Thuston must establish a *prima facie* case of discrimination by showing that

(1) she is a member of a protected class; (2) she met the legitimate expectations of her employer;

(3) she suffered adverse employment action; and (4) similarly situated employees that were not

members of her protected class were treated differently.  *See Philip v. Ford Motor Co.*, 413 F.3d

766, 768 (8th Cir. 2005).

If Parker-Thuston makes a *prima facie* showing, the burden shifts to the Retirement

Center to articulate a legitimate, nondiscriminatory reason for the adverse employment action.

Then, the burden shifts back to Parker-Thuston to present evidence that the stated reason for

adverse action is pretext for race discrimination.  *Id*.

Because the Retirement Center has articulated a legitimate reason for terminating Parker-

Thuston, the Court will presume the existence of a *prima facie* case and move directly to the

issue of pretext and the determinative issue of causation.  *See Stewart v. Independent School

Dist. No.* 196, 481 F.3d 1034, 1043 (8th Cir. 2007).  In order to overcome the motion for

summary judgment,  Parker-Thuston must  (1) discredit the Retirement Center's asserted reason

for her termination and (2) show that the circumstances permit a reasonable inference that race

was the real reason behind the adverse action.  *See Johnson v. AT & T Corp*., 422 F.3d 756, 763

(8th Cir. 2005).

Parker-Thuston presents no evidence and alleges no facts in the complaint indicating that

her termination was based on her race.  Even assuming that Parker-Thuston's version of the

events surrounding her termination are correct, the Court's purpose is not to sit as a "super-

personnel department," assessing the fairness, correctness, or wisdom of the Retirement Center's

decision but whether it was motivated by intentional discrimination.  *Krenik v. County of Le

Sueur*, 47 F.3d 953, 960 (8th Cir. 1995).   Because Parker-Thuston presents no evidence to

discredit the proffered reason for her termination and no evidence that race was the reason

behind her termination, the Retirement Center is entitled to summary judgment in its favor.

**Motion to Dismiss**

Along with its motion for summary judgment, the Retirement Center filed a motion to

dismiss for failure to communicate with counsel, as previously ordered by the Court, and failure

5

to comply with Federal Rules of Civil Procedure.[3]

Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action for failure to comply with the Federal Rules of Civil Procedure.   Rule 37(d) provides that if a party fails to appear for a deposition after being served with proper notice, the district court "may make such orders in regard to the failure as are just," including an order dismissing the action.   *See* Fed. R. Civ. P. 37(b)(2)(C) and (d).

The Retirement Center has presented evidence that Parker-Thuston failed to attend a properly-noticed deposition and failed to communicate with counsel, despite the Court's directives to do so.  The Court finds grounds to dismiss the complaint with prejudice for failure to cooperate in discovery and failure to comply with the Federal Rules of Civil Procedure. However,  because the Court has determined that the Retirement Center is entitled to summary judgment on the merits, the motion for dismiss will be denied as moot.

IT IS THEREFORE ORDERED that Plaintiff's motion for appointment of counsel (docket entry #56) is DENIED.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment   (docket entry #53) is GRANTED.  Pursuant to the judgment entered together with this order, this action is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendant's motion to dismiss (docket entry #53) is MOOT.

IT IS SO ORDERED THIS 20TH   DAY OF MAY, 2011.

---

[3]The Court has advised Plaintiff of her obligation to follow the Federal Rules of Civil Procedure and the Local Rules of this Court.  *See* docket entries #7, #19.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE